# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| MILTON MINTER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 1:18-cv-1212-MHH-JHE |
| FCI TALLADEGA WARDEN, et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Mr. Minter seeks recalculation of his federal sentence based on time spent in federal presentence custody on a *writ of habeas corpus ad prosequendum*. Mr. Minter was held in custody pursuant to the writ from May 26, 2015 through January 23, 2017. (Doc. 1). The magistrate judge has recommended that the Court deny Mr. Minter's habeas petition. (Doc. 9). Mr. Minter objects to the magistrate judge's report and recommendation. (Doc. 12).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court

reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

In his objections, Mr. Minter argues, as he did in his habeas petition, that when he was borrowed from state custody in Georgia pursuant to a *writ of habeas corpus ad prosequendum*, he had a legitimate expectation of parole, and, consequently, a protected liberty interest in parole that should serve as the basis for federal credit for the months he served in custody on the writ. Mr. Minter explains that when he was taken into custody on the writ on May 26, 2015, he was housed at a transitional center, and he was able to leave the center to spend weekends with his family. (Doc. 1, p. 17; Doc. 12, p. 9). Mr. Minter contends that as of May 2015, he had been living at the transitional center for approximately four months, and his tentative date for state parole was November 30, 2015. (Doc. 12, p. 9). He argues that under Georgia's parole guidelines, his "Tentative Parole Month" is "the month 'during which the offender may expect to be released.'" (Doc. 12, p. 14) (citing Parole

Decision Guidelines System P 8-27.01). Thus, he contends he had a legitimate expectation of parole.

The law does not support Mr. Minter's argument. As the magistrate judge explained, the Eleventh Circuit has held that a state parole system may create a legitimate expectation of parole. For purposes of a liberty interest analysis, a court's evaluation of a parole system turns on the state statutes and regulations that establish the scope of state officials' discretion when making parole decisions. *Sultenfuss v. Snow*, 35 F.3d 1494, 1499-1503 (11th Cir. 1994). An individual's subjective expectation based on his particular status is not part of the liberty interest analysis. In *Sultenfuss*, the Eleventh Circuit held that "Georgia's parole system in its entirety" does not create a protected liberty interest. 35 F.3d at 1502. The Eleventh Circuit found that Georgia's parole system includes a statutory presumption against parole, and there is no meaningful statutory or regulatory limit on state officials' discretion to make parole decisions. 35 F.3d at 1501.

Mr. Minter contends that the Eleventh Circuit's reasoning in *Sultenfuss* is flawed (Doc. 12, pp. 14-25), but this Court is bound to apply *Sultenfuss*. *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) ("[A] district court in this circuit is bound by this court's decisions."); *Springer v. Wal-Mart Assocs.' Group Health Plan*, 908 F.2d 897, 900 n.1 (11th Cir. 1990) ("[T]he district court is bound

by controlling *Eleventh Circuit* precedent.") (emphasis in *Springer*). If Mr. Minter wishes to challenge that decision, he must do so in the Court of Appeals.

In addition, as Mr. Minter recognizes, under Georgia's parole guidelines, the "Tentative Parole Month" is the month an offender may expect to be released, "absent new information or other cause to cancel the Board's tentative release decision." (Doc. 12, p. 20). The caveat impacts the expectation. Here, there was information that likely would have affected the Georgia Parole Board's release decision, namely the new federal charge. Thus, even if the liberty interest test were tied to an individual offender's subjective expectation, Mr. Minter could not have reasonably relied on the date in the Parole Board's tentative release decision after he learned of the federal charge against him. The Court does not mean to minimize the expectation that Mr. Minter had prior to the federal charge, and the Court recognizes that result in this case appears harsh because Mr. Minter seemed to be progressing well toward parole. *See Curtis v. Billingsley*, No. 16-CV-2558 (PGG) (JLC), 2017 WL 1103005, at *6 (S.D.N.Y. Mar. 24, 2017) (recognizing that "the application of 18 U.S.C. § 3585(b) produce[d] a seemingly harsh result" where, "[b]efore his transfer to federal custody," the petitioner "was not incarcerated in a state prison or jail, but rather was participating in a residential drug-treatment program" where he "had only one week remaining in the program"). But the new federal charge made Mr. Minter's expectation of a November 2015 parole date speculative.

4

Because Mr. Minter had no protected liberty interest in his tentative parole date, his federal presentence custody did not improperly prolong his state sentence in violation of the Due Process Clause. Therefore, the Court accepts the magistrate judge's recommendation and denies Mr. Minter's petition with prejudice as untimely. The Court will enter a separate final order.

**DONE** this 13th day of January, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE